JS-6; SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-00228 MMM (JCx) | Date | April 12, 2013 |
| Title | *Nationstar Mortgage LLC v. Ceasar Morales, et al.* | | |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

## I. FACTUAL BACKGROUND

Plaintiff Nationstar Mortgage LLC ("Nationstar") filed this unlawful detainer action in Los Angeles Superior Court against defendants Caesar Morales, Hugo Morales, Maria Rodriguez, Juan Morales and certain fictitious defendants on March 5, 2012.[1] In 2006, as trustor, Juan Morales executed a deed of trust on real property located in Pacoima, California.[2] Nationstar Mortgage alleges that, under the power of sale contained in the deed of trust, the trustee sold the property at foreclosure sale to Southstar III, LLC, on August 12, 2009.[3] Nationstar allegedly obtained title to the property and the right to possession thereof through a quitclaim deed executed in its favor by Southstar; this deed was recorded on May 6, 2011.[4]

/ / /

---

[1] Complaint, ¶ 1.

[2] *Id.*, ¶¶ 3, 5.

[3] *Id.*, ¶ 5.

[4] *Id.*

Nationstar asserts that defendants were not in possession of the property at the time of sale, but unlawfully took possession thereafter.[5]  It contends that none of the occupants of the property is a "tenant" as defined and protected by the Los Angeles Rent Stabilization Ordinance.[6]  On February 23, 2012, Nationstar served a written notice to quit and vacate the property on defendants.[7]  Although the period within which they were required to vacate expired on February 28, 2012, Nationstar alleges that they failed to surrender possession of the property and remain on the premises without its permission.  Nationstar asserts it is entitled to immediate possession of the property and has been at all times since February 29, 2013.[8]  Nationstar seeks possession of the property.[9]

Defendants filed a notice of removal on January 11, 2013.[10]  They allege that the court has federal question jurisdiction under the Protecting Tenants at Foreclosure Act of 2009.[11]  On February 15, 2013, Nationstar filed a motion to remand.[12]  Although the motion is set for hearing on April 29, 2013, and any opposition to the motion was due no later than April 8, 2013, no opposition has been filed.  See CA CD L.R. 7-9.

## II. DISCUSSION

### A.    Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court involves a federal question or is between citizens of different states and has an amount in controversy that exceeds $75,000.  See 28 U.S.C. §§ 1441(a), (b).  Only state court actions that could originally have been filed in federal court can be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

---

[5]*Id.*, ¶ 7.

[6]*Id.*, ¶ 8.

[7]*Id.*, ¶ 10, Exhibit C.

[8]*Id.*, ¶¶ 11-12.

[9]*Id.* at 4.

[10]Removal at 1.

[11]*Id.*, ¶ 8.

[12]Motion to Remand Case, Docket No. 9 (Feb. 15, 2013).

pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

## B. Federal Question Jurisdiction

### 1. Legal Standard for Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely

because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2.     Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of Nationstar's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Defendants assert that the court has federal question jurisdiction because they are entitled to protection under the Protecting Tenants at Foreclosure Act of 2009.[13] A federal defense, however, does not confer jurisdiction on the court to hear the case. Because Nationstar's complaint does not present a federal question, either on its face or artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

/ / /

---

[13]*Id*.

### C.     Diversity Jurisdiction

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

In its complaint, Nationstar alleges that the amount demanded does not exceed $10,000.[14] Defendants make no effort to argue that the court has diversity jurisdiction over this matter; they do not dispute that the amount in controversy is not met, and they do not make any mention of the citizenship of the parties. Consequently, the court lacks diversity jurisdiction to hear the action.

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Here, defendants have failed to carry this burden. For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.

**JS-6**

---

[14] Complaint at 1.